# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 13, 2013 Session

## STATE OF TENNESSEE v. DANIEL ANTONIO PAYNE

**Direct Appeal from the Circuit Court for Tipton County**
**Nos. 6994, 7515    Joseph H. Walker, Judge**

---

**No. W2013-00308-CCA-R3-CD  - Filed February 6, 2014**

---

In case number 6994, the Defendant, Daniel Antonio Payne, who was on bond pending the resolution of his charges, pled guilty to one count of driving while license suspended, one count of felony evading arrest, and two counts of theft over $1000.00.  The trial court sentenced the Defendant to concurrent sentences of ten years for each of the theft convictions, six years for the felony evading arrest conviction, and six months for the driving while license suspended conviction.  At the conclusion of the sentencing hearing, the trial court revoked the Defendant's bond in case number 6994.  As the Defendant was being taken into custody, he was found in possession of marijuana, which resulted in the charges in case number 7515.  Subsequently, in case number 7515, the Defendant pled guilty to felony possession of marijuana.  The trial court sentenced the Defendant to six years, to be served concurrently with his sentence in case number 6994.  On appeal, the State contends that the trial court erred in not imposing mandatory consecutive sentences for case numbers 6994 and 7515.  After a thorough review of the record and applicable authorities, we conclude that consecutive sentencing was mandatory. We reverse the trial court's judgment in case number 7515 and remand for sentencing consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ALAN E. GLENN, and ROGER A. PAGE, JJ., joined.

Charles A. Brasfield and Lyle A. Jones, Covington, Tennessee, for the Appellee, Daniel Antonio Payne.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Mike Dunavant, District Attorney General; James Walter Freeland, Jr., Assistant District Attorney

General, for the Appellant, State of Tennessee.

## OPINION
### I. Facts and Background

#### A. Case Number 6994

This case arises from the Defendant's driving with a revoked license, theft of items from a Dollar General store, and failing to stop his vehicle when told to do so by law enforcement. For these offenses, a Davidson County grand jury indicted the Defendant for one count of driving while license suspended, cancelled, or revoked; one count of felony evading arrest; and two counts of theft over $1,000.00. The Defendant was placed on bond in the amount of $10,000.00, pending the outcome of these charges.

On May 7, 2012, the Defendant pled guilty to the four charges. The trial court sentenced the Defendant as a persistent offender to concurrent sentences of ten years for each of his Class D felony convictions for theft of property valued at more than $1,000.00; as a career offender to six years for his Class E felony conviction for evading arrest; and six months for his Class B misdemeanor conviction for driving while license suspended.[1]

At the sentencing hearing, the trial court ordered that the Defendant's bond be revoked as a result of his convictions. According to the transcript and the briefs, after having pled guilty, the trial court ordered the Defendant to be taken into custody, at which point the Defendant threw a pack of cigarettes onto the floor next to counsel table in the courtroom. Inside the cigarette pack was a "blunt," which later tested positive for marijuana.

#### B. Case Number 7515

This arises from the Defendant's throwing a marijuana "blunt" on the floor of the courtroom. For this offense, the Defendant was indicted in case number 7515 for felony simple possession of marijuana and simple possession of marijuana. The Defendant pled guilty to one count of felony simple possession of marijuana. At the plea hearing, the State argued that the Defendant was out on bond at the time he committed the offense in case number 7515, and thus, pursuant to Tennessee Rule of Criminal Procedure 32(c)(3), his sentence in case number 7515 was mandated to be consecutive to his sentence in case number 6994. The trial court found that the Defendant was a career offender and sentenced

---

[1] In the Defendant's brief, he recites driving while license revoked as the conviction; however, the judgment form shows handwritten, "Driving while license suspended." We use the conviction provided on the judgment form.

him to a six-year sentence for his felony simple possession of marijuana conviction.

The trial court made the following findings:

[The Defendant] has a history of multiple convictions as shown by the presentence report that's admitted by stipulation in [case number 6994]. There are several pages of both misdemeanor and felony convictions; been on probation, revoked several times; been released twice on parole, revoked twice. [The Defendant has] been tried on both probation and community corrections. He couldn't obey the rules of community corrections, was revoked from that. He's expired several sentences.

[The Defendant] was on probation at the time of the commission of the theft in [case number 6994]. He came to court for sentencing in [case number 6994] with illegal drugs on his person, which resulted in the conviction in [case number 7515].

The court finds that confinement is necessary to avoid depreciating the serious of these offenses, that measures less restrictive than confinement have been applied unsuccessfully, and that neither probation nor alternative sentencing is appropriate in this case.

With regard to [Tennessee Rule of Criminal Procedure 32], that is an interesting argument made on both sides. The Court believes that the criminal action really took place after the bond was revoked. Only after the [D]efendant realized he was being taken into custody was the criminal act – that's when the criminal act really occurred. So [the Defendant] really wasn't on bond, and mandatory [sentencing] is not required.

The Court therefore sentences the [D]efendant to the six years concurrent with the ten years; that is, the six years in [case number 7515] concurrent with the ten years in [case number 6994].

It is from this judgment that the State now appeals.

## II. Analysis

On appeal, the State contends that the trial court erred in imposing concurrent sentences for the Defendant's convictions in case numbers 6994 and 7515. The State contends that the trial court erred in finding that the Defendant was not on bond at the time

he committed the offense in case number 7515, and therefore, pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3), the trial court did not have discretion about whether the Defendant's sentences should be served consecutively or concurrently. The State argues that these provisions mandate consecutive sentencing in this case. The Defendant responds that the trial court correctly found that the Defendant was not on bond at time he committed the felony simple possession of marijuana, and therefore, the trial court had the discretion to sentence him to concurrent sentences rather than consecutive sentences. We agree with the State.

Tennessee Code Annotated section 40-20-11(b) addresses mandatory consecutive sentencing as follows:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Tennessee Rule of Criminal Procedure 32(c)(3)(C) also addresses mandatory consecutive sentencing:

> (3) Mandatory Consecutive Sentences. When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> . . . .
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses[.]

In this case, the felony offense was possession of marijuana. The Defendant's possession of the marijuana was a criminal offense from the time he first possessed the marijuana and not just at the moment of his arrest. In a case such as this, the trial court is required by statute to order the offenses to run consecutively. Therefore, the trial court erred when it did not order the sentence in case number 7515 to run consecutively to case number 6994.

Accordingly, we reverse the trial court's judgment in case number 7515 and remand this case for sentencing consistent with this opinion.

## II. Conclusion

After a thorough review of the record and the applicable law, we conclude that the trial court erred when it failed to impose consecutive sentences as required by statute. We reverse the trial court's judgment in case number 7515 and remand the case for sentencing consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE